

*U.S. Department of Justice*

*United States Attorney
Eastern District of New York*

TRP
F. #2010R01710/OCDETF #NYNYE537

*271 Cadaman Plaza East 5th Floor*

*Brooklyn, New York  11201*

December 27, 2011

<u>By Mail and ECF</u>

Mildred Whalen
Federal Defenders of New York
16 Court Street
Brooklyn, NY 11201

      Re:  <u>United States v. Diego Alvarez Munoz, et al.
           Criminal Docket No. 10 CR 738 (KAM)</u>

Dear Ms Whalen:

    Enclosed please find the government's discovery in accordance with Rule 16 of the Federal Rules of Criminal Procedure.  The government also requests reciprocal discovery from the defendants.

    1.    <u>Statements of the Defendant</u>

    Your client was intercepted during the course of a judicially-authorized wiretap in Colombia.  Enclosed are the compact discs ("CD") which contain the conversations in which your client and his co-defendants were intercepted.  I have sent duplicate CDs to the jail where your client is incarcerated for his review.

    The government hereby encloses copies of redacted DEA reports memorializing any statements made at the time of his arrest.

    The government is in possession of draft transcripts of some of the intercepted conversations and will provide them to you once you execute and return to me the stipulation submitted with this letter.

    2.    <u>The Defendant's Criminal History</u>

    Based upon the information currently available to the government, the government is not aware of any criminal history pertaining to your client.

2

3.  <u>Documents and Objects</u>

The DEA is in possession of various documents, primarily photographs of heroin seized during the course of the investigation and other Colombian documents related to those seizures.  You may call me to arrange a mutually convenient time to inspect, copy, and/or photograph the evidence and original documents discoverable under Rule 16.

Also included with this letter are copies of the extradition affidavits submitted in connection with your client's extradition.  A Spanish version of these documents was provided to your client in Colombia.

4.  <u>Reports of Examinations and Tests</u>

The government will provide you with copies of any reports of examinations or tests in this case if and when they become available.  In particular, the government will provide you with laboratory reports relating to the seized drugs once they are obtained from Colombia.

5.  <u>Expert Testimony</u>

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 by notifying you in a timely fashion of any expert the government intends to call at trial and by providing you with a summary of that expert's opinion.  At this time, the government anticipates calling a forensic chemist at trial to testify about the amount, type, and purity of the narcotics recovered during the investigation.  The government also anticipates calling an expert to testify about the wholesale and retail value of the narcotics recovered in this case, as well as the methods of narcotics sales and distribution. This expert will further opine that the amount and the packaging of the narcotics recovered is consistent with distribution.  The government will disclose the names and qualifications of the experts who will testify in advance of trial.

6.  <u>Brady Material</u>

The government is aware of and will comply with its obligation to produce exculpatory material or information within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and its progeny.  At this time, the government directs the defendant to the fingerprint report information discussed above.

3

Before trial, the government will furnish information or material regarding payment, promises, immunity, leniency or preferential treatment, if any, given to prospective government witnesses within the scope of Giglio v. United States, 405 U.S. 150 (1972) and Napue v. Illinois, 360 U.S. 264 (1959). The government will furnish before trial information or material regarding any prior convictions of any co-conspirator, accomplice or informant who may be testifying at trial for the government.

The government will also furnish before trial materials discoverable pursuant to Title 18, United States Code, Section 3500.

7. Other Crimes, Wrongs or Acts

The government will provide the defendant with reasonable notice in advance of trial if it intends to offer any additional material under Fed. R. Evid. 404(b).

The Defendant's Required Disclosure

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure. The government requests that the defendant allow inspection and copying of (1) any books, papers, documents, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments, including fingerprint analyses, made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial or which were prepared by a witness whom the defendant intends to call at trial.

The government also requests that the defendant disclose prior statements of witnesses who will be called by the defendant to testify. See Fed. R. Crim. P. 26.2. In order to avoid unnecessary delays, we request that you have copies of these statements available for production to the government no later than the commencement of trial.

The government also requests that the defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for those

4

opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of the defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

Pursuant to Fed. R. Crim. P. 12.1(a), the government hereby demands written notice, to be served within ten days of this demand, if the defendant intends to offer a defense of alibi.  The written notice shall state the specific place or places at which the defendant claims to have been at the time of the alleged offenses, and the names and addresses of the witnesses upon whom the defendant intends to rely to establish such alibi.  The offense took place at the location, date, and time specified in the Complaint and the Indictment.

If you have any questions or further requests, please do not hesitate to contact me.

Very truly yours,

LORETTA E. LYNCH
United States Attorney
Eastern District of New York

     /s/
Tanisha R. Payne
Assistant U.S. Attorney
(718) 254-6358

cc.: Clerk of the Court (by ECF)(without encl.)